UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KRISTAN M. TETMEYER,

                Plaintiff,

   - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-3074 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Kristan M. Tetmeyer filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits.  After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded to the SSA, where Plaintiff was awarded roughly $146,804 in past-due benefits.  Plaintiff's counsel, Charles E. Binder, Esq., now moves for $15,700 in attorney's fees pursuant to 42 U.S.C. § 406(b).  For the reasons explained below, Mr. Binder's motion is granted.

## BACKGROUND

After Plaintiff was denied benefits at the agency level, Plaintiff retained Charles E. Binder, Esq. and filed this action on June 13, 2016.  (Dkt. 1.)  After the parties filed cross-motions for judgment on the pleadings the Court granted Plaintiff's motion and remanded to the SSA.  (*See* Dkt. 15.)  This Court then awarded Plaintiff $5,950 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Dkt. 17-1; 12/05/2017 Docket Order.)  On December 13, 2021, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive

approximately $146,804 in past-due benefits, with 25% ($36,701.00) withheld as possible fees for her attorney. (Dkt. 20, Ex. C.[1])

By motion filed on December 29, 2021, Mr. Binder now seeks $15,700 for work performed before this Court. (Dkt. 19.[2]) Along with his motion, Mr. Binder submitted a fee agreement, demonstrating that Plaintiff retained Mr. Binder on a 25% contingency-fee basis, and itemized time records, indicating that he spent a total of 31.40 hours litigating this matter before this Court. (Dkt. 20-1.) $15,700 for 31.40 hours of work would be an effective hourly rate of $500.

## DISCUSSION

### I.   Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5. Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

---

[1] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $146,804. (Dkt. 20, Ex. C.)

[2] Plaintiff's counsel will obtain fees from the SSA for the work performed before the SSA pursuant to 42 U.S.C. § 406(a), and thus reduces the amount of fees he seeks from this Court to below the 25% threshold. (*See* Dkt. 20.)

Plaintiff's counsel received the notice of benefits award on December 13, 2021. (Dkt. 20, Ex. C.) This motion was timely filed on December 29, 2021. (Dkt. 18.) The motion was thus timely filed.[3]

## II.     Reasonableness of the Requested Fee

### A.     Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[4] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853 (2d Cir. 2022).

With respect to whether a fee would be a "windfall," in *Fields*, the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method

---

[3] The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Sinkler*, 932 F.3d at 87–89 & n.5.

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

3

and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

### B. Application

Here, Plaintiff retained Mr. Binder pursuant to a 25% contingency-fee agreement. (Dkt. 20.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Mr.

Binder seeks significantly less than 25% of Plaintiff's past-due benefits from this Court.  At 31.40 hours of work, an award of $15,700 would be an effective hourly rate of $500.  For the reasons explained below, the court does not find that amount to be unreasonable in the context of this case.

With respect to "the character of the representation and the results the representative achieved," the Court notes that counsel's brief was well organized and identified the relevant grounds for remand.  Accordingly, this factor weighs in favor of granting the requested award.

With respect to "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," the Court notes that 31.40 hours was a reasonable amount of time to spend on this matter.  In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98.  24 F.4th at 854.  Here, the transcript was 895 pages (Dkt. 8) and Plaintiff's opening brief was 26 pages (Dkt. 9-2); in fact, the parties jointly requested, and this Court granted, an enlargement of the page limit for their briefing (Dkt. 10; 01/05/2017 Docket Order).  Considering the complexity of this case, and the significantly lower *de facto* hourly rate requested here than in *Fields*, the Court finds that this factor supports granting the requested award.

With respect to "the nature and length of the professional relationship with the claimant— including any representation at the agency level," the Court notes that, unlike in *Fields*, there is no indication that Plaintiff's counsel represented Plaintiff from the start of his agency proceedings, which would have enabled Plaintiff's counsel to efficiently brief its arguments before this Court.

5

*See Fields*, 24 F.4th at 855.  However, given the much lower *de facto* hourly rate requested here, the Court does not find that this factor warrants granting a lower reward than requested.

With respect to "the satisfaction of the disabled claimant," there is no indication that Plaintiff is unsatisfied with the results she received, which were exactly what she had hoped for—an award of past-due benefits.

With respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes again that the parties vigorously contested this case, requesting and being granted an enlargement of the page limit for their briefing. (Dkt. 10; 01/05/2017 Docket Order.)  The Court thus finds that this factor supports granting the requested award.

For the reasons explained above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the § 406(b) award, Mr. Binder must remit the $5,950 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Charles E. Binder, Esq. is awarded $15,700.  Upon receipt of this award from the government, Charles E. Binder shall promptly refund Plaintiff $5,950, which represents the EAJA fees already received by counsel.  The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2022
      Brooklyn, New York